## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTOINE L. PAIGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 1:07-cv-011 |
| | ) | |
| ROBERT W. DORA, | ) | |
| SCOTT AESHILMAN, | ) | |
| HOLIDAY INN EXPRESS, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

This matter is before the Court on the Defendants' Partial Motion to Dismiss, filed by Defendants, Robert W. Dora, Scott Aeshilman, and Dora Brothers Hospitality Corp. d/b/a Holiday Inn Express, on August 21, 2007.  For the reasons set forth below, the Partial Motion to Dismiss is **GRANTED** and Plaintiff's claims against Robert W. Dora and Scott Aeshilman are **DISMISSED WITH PREJUDICE**. Defendants' request for attorney's fees is **DENIED**.  The Court notes that the claims against Defendant, Holiday Inn Express, **REMAIN PENDING.**

BACKGROUND

Plaintiff, Antoine Paige, filed his employment discrimination complaint on January 24, 2007, against Defendants, Robert W. Dora,

Scott Aeshilman, and Dora Brothers Hospitality Corp. d/b/a Holiday Inn Express alleging, inter alia, that Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e-5).   Paige claims he was illegally fired based upon his race, African American.

Plaintiff filed a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") on June 20, 2006, Charge 24D-2006-01145.  The EEOC charge contends that his employer, Holiday Inn Express, discriminated against him and terminated him based upon his race.  In that charge, Plaintiff named "Holiday Inn Express" as the defendant.  The individual defendants, Robert W. Dora, and Scott Aeshilman, are not named in the EEOC charge. Defendants represent that Aeshilman was Plaintiff's supervisor during his employment, and Dora is a principal of Holiday Inn Express.

Defendants filed the instant partial motion to dismiss on August 21, 2007, arguing that Plaintiff's complaint should be dismissed against them for two reasons: (1) the individual Defendants are not liable under Title VII as a matter of law; and (2) the individual Defendants were not named in the charge filed with the EEOC, thus Plaintiff failed to exhaust his administrative remedies.  Additionally, Defendants ask the Court to award fees and costs for the filing of this motion, having placed Plaintiff on notice that he improperly named Dora and Aeshilman as individual

2

Defendants.

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case.

3

*Id.*

Failure to State a Claim Against the Individual Defendants

Defendants urge that Plaintiff's Title VII claims should be dismissed against the individual defendants, Dora and Aeshilman, because Title VII does not provide for individual liability. Title VII prohibits an employer from discriminating against an individual on the basis of his or her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The term "employer" means a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).

It is well settled that "[a]n individual who does not independently meet Title VII's definition of an 'employer,' cannot be held liable under Title VII." *EEOC v. Oak Lawn Ltd., III*, 987 F. Supp. 647, 649 (N.D. Ill. 1997) (citing *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995); *Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995)). Thus, an individual who does not employ employees, but is only a supervisor, cannot be personally liable for acts of discrimination. *See, e.g., Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996) (holding there is no individual liability for a supervisor under Title VII); *Williams*, 72 F.3d at 552 (holding "[b]ecause

4

Title VII does not impose 'employer' liability on a supervisor in his individual capacity for acts which violate the statute," dismissal was warranted).

Plaintiff has put forth no evidence or any argument whatsoever that the individual Defendants named in this case are an "employer" under Title VII, and the Court is not aware of any such evidence in the record.  Consequently, the Court finds that Plaintiff's claims against the individual Defendants, Dora and Aeshilman, should be dismissed because Dora and Aeshilman are not an "employer" under Title VII, and are therefore not subject to individual liability.

EEOC Charge

Alternatively, Defendants argue that even if individual liability were permitted under Title VII (which it is not), Plaintiff failed to exhaust his administrative remedies as to Dora and Aeshilman because they are not named in the EEOC charge. Ordinarily, a party not named in an EEOC charge may not be sued under Title VII.  *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (affirming district court's dismissal of a party not named in EEOC charge for lack of sufficient notice). The charge is a condition precedent (not a jurisdiction requirement), with two purposes:  to provide notice of the possibility of a lawsuit and to create the opportunity for conciliation or voluntary compliance.  *Id.; see also Sampson v.*

5

*Washington Twp. of Marion County*, No. IP92-1726-C-D/F, 1995 WL 478836, at *4 (S.D. Ind. Mar. 14, 1995).

The Seventh Circuit has adopted an exception to the general rule that a party must be named in an EEOC charge to be sued under Title VII. In *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir. 1981), the Court ruled the decisive factor in determining if the exception applies is whether the unnamed defendant had notice that it was subject to suit, because when a party has notice of the possibility of a discrimination action against it, that party has the opportunity, or at least the incentive, to conciliate. It is well settled that in considering whether parties have been sufficiently named, charges must be construed with "utmost liberality." *Eggleston*, 657 F.2d at 906. However, in this case, there is no reference or mention to the individual Defendants anywhere in the EEOC charge (including the explanatory paragraphs). Plaintiff argues, without citing to any authority, that because he refers to Aeshilman as the general manager in his filing with the Metro Human Relations, this satisfies the exhaustion of remedies requirement. However, there is no evidence that either Dora or Aeshilman saw this filing with the Metro Human Relations, and no proof whatsoever that this put them on notice that they were subject to suit.

Because Plaintiff failed to name the individual Defendants in the EEOC charge, Dora and Aeshilman had no notice they were subject

6

to suit.  Plaintiff's claims against Dora and Aeshilman should be dismissed upon this alternative basis as well.  *See Maxey v. Thompson*, 680 F.2d 524, 526 (7th Cir. 1982) ("The Title VII charge was dismissed because the defendants named in the complaint had not been named in the charge that the plaintiff filed with the [EEOC].")

## Attorney's Fees Pursuant to 42 U.S.C. § 2000e-5(k)

Defendants contend they are entitled to attorney fees because on August 2, 2007, they wrote to Plaintiff, asking that he voluntarily dismiss Dora and Aeshilman from the lawsuit to avoid unnecessary costs and fees.  Defendants warned Plaintiff that if he did not dismiss the individual Defendants, Defendants would seek to recover the costs and fees for preparation and filing of this motion.  However, Defendants have cited to no law, or provided this Court with any argument whatsoever, regarding why they are entitled to attorney's fees in this case.

42 U.S.C. section 2000e-5(k) provides "[i]n any action or proceeding under (Title VII) the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ."  Attorney fees may be awarded to a defendant who is the prevailing party in a Title VII case if the district court finds that the plaintiff's action was "frivolous, unreasonable or groundless, or that the plaintiff continued to

litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); *see also Monroe v. Children's Home Ass'n*, 128 F.3d 591, 594 (7th Cir. 1997) (holding defendants in Title VII action can recover attorney's fees if plaintiff's claim is frivolous).

While it is true that Plaintiff's claim against Dora and Aeshilman fails to properly state a claim, the claim against Holiday Inn Express remains pending, and taking Plaintiff's pro se status into consideration, Defendants have done nothing to show this Court that the action against them was "frivolous, unreasonable or groundless." This is not an instance of protracted litigation against Dora and Aeshilman; moreover, Defendants' partial motion to dismiss consisted of a 3-page motion and 3-page brief in support. Consequently, this Court **DENIES** Defendants' request for fees.

CONCLUSION

For the aforementioned reasons, the Partial Motion to Dismiss is **GRANTED** and Plaintiff's claims against Robert W. Dora and Scott Aeshilman are **DISMISSED WITH PREJUDICE**. Defendants' request for attorney's fees is **DENIED**. The Court notes that the claims against Defendant, Holiday Inn Express, **REMAIN PENDING**.

DATED: November 7, 2007                    /s/ RUDY LOZANO, Judge
                                           **United States District Court**

8